## THE CITY OF LOWELL *vs.* ABRAM FRENCH.

The city council of Lowell were authorized by the city charter to cause permanent sidewalks to be constructed on the streets in front of buildings, at the expense of the owners, and temporary sidewalks in front of vacant lands, at the expense of the abutters or of the city, which sidewalks, when accepted by the council, should be afterwards maintained at the expense of the city. In the year 1838, the city council caused a sidewalk of plank to be constructed in front of the defendant's building, and assessed the expense thereof upon him, but it did not appear, that this sidewalk was ever expressly accepted. In 1849, the city council caused the wooden sidewalk to be removed and its place to be supplied by one of brick and stone. It was held, that the first sidewalk was a permanent one within the meaning of the charter, and that the city could not charge the defendant with the expense of the second.

THIS action was brought to recover the expense incurred by the plaintiffs in the construction of a sidewalk of brick and stone, in 1849, in front of the defendant's land and dwelling-house in Gorham street, in the city of Lowell.

The case was submitted to the court of common pleas, and by appeal therefrom to this court, upon an agreed statement of facts; the only question being whether the plaintiffs had a right to tax the defendant for erecting the sidewalk in question.

The grounds, upon which the plaintiffs' claim was made and controverted, are fully stated in the opinion.

*I. S. Morse,* city solicitor, for the plaintiffs.

*I. W. Beard* and *A. J. Gunnison,* for the defendant.

METCALF, J. The plaintiffs rest their claim solely on the ninth section of their charter; *St.* 1836, *c.* 128. By that section, the city council, (that is, the mayor, aldermen, and common council, in their joint capacity,) are empowered to " cause permanent sidewalks to be constructed " on the streets, public places, and squares of the city, " in front of buildings, at the expense of the owners thereof, and temporary ones in front

of vacant lands, at the expense of the abutters or of the city, which sidewalks, when accepted by said council, shall be afterwards maintained at the expense of the city, whenever the convenience of its inhabitants may require the same."

It appears, from the facts agreed, that the city council, in 1838, caused a wooden sidewalk to be constructed in front of the defendant's buildings on Gorham street, and that he was assessed therefor and paid $17.25. It does not appear that this sidewalk was expressly accepted by the city council. If it had been, it must have been afterwards maintained, if at all, at the expense of the plaintiffs, and not of the defendant. This sidewalk remained till 1849, when a new brick one was made in the same place, and in front of the same buildings of the defendant; and the question is, whether he is liable for the expense of the new sidewalk. We are of opinion that he is not.

It is certain that the plaintiffs had no authority to tax the defendant, for the expense of the first sidewalk in front of his buildings, unless it was a permanent one, within the meaning of their charter. In a strict sense, no sidewalk is permanent, and all are temporary. But we are of opinion that a sidewalk need not be made of stone or bricks in order to be " permanent," in contradistinction to " temporary," within the meaning of the charter. A wooden sidewalk which lasts eleven years, and for which an assessment is collected of the owners of adjoining buildings, who are liable to be assessed only for a permanent one, must be regarded as permanent. At least, the city, after having treated it as permanent, and collected the expense of it, which they had no authority or right to collect unless it was permanent, cannot, as against the defendant, be permitted to allege that it was temporary only, and that they assessed him wrongfully.

Is, then, an owner of buildings liable to the expense of as many successive permanent sidewalks in front thereof, as the city council may see fit to construct, if they do not, by some express and formal act, accept the first ? We cannot so construe the plaintiffs' charter. The power of charging the expense of sidewalks on the owners of the adjoining land, is a

high power, and is not to be extended by construction. The words of the charter are, that " sidewalks, when accepted by said council, shall be afterwards maintained by the city." The form of acceptance is not prescribed. And it seems to us that, after the city council have caused a sidewalk to be constructed, and have collected the expense thereof from owners of the adjoining buildings, and have permitted it to remain eleven years as one of the common passage-ways of the city, neither they nor the city can be allowed to deny that they accepted it. *Judgment for the defendant*